NOT FOR PUBLICATION          [Docket Nos. 20, 21, 22, 27, & 36]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

DENNIS BELL, JR.

                Plaintiff,

    v.

BRIGANTINE MUNICIPAL COURT, et
al.,

                Defendants.

Civil No. 07-1587(RMB)

**OPINION**

Appearances:

Dennis Bell, Jr.
122 B. South
Metropolitan Avenue, Apt. B
Atlantic City, New Jersey 08401
    Plaintiff, pro se

Robert P. Merenich, Esquire
Gemmel, Todd & Merenich, P.A.
767 Shore Road
P.O. Box 296
Linwood, New Jersey 08221
(609) 927-7200
    Attorney for Defendants Henry Broome, Jr, City of Brigantine
    and Brigantine Municipal Court

Thomas B. Reynolds, Esquire
Reynolds, Drake, Wright & Marczyk
29 North Shore Road
Absecon, New Jersey 08201
(609) 645-7406
    Attorney for Defendants Egg Harbor Township, Robert Switzer,
    and John C. Lee

**BUMB,** United States District Judge:

1

This matter comes before the Court upon several motions: (1) Plaintiff's motion for default judgment as to Defendant Henry G. Broome, Jr. [Docket No. 20]; (2) Defendant Broome's motion to vacate the motion for default judgment and to dismiss [Docket No. 21]; (3) Defendants Egg Harbor Township Municipal Court, Administrative Law Judge H. Robert Switzer, and Patrolman John C. Lee's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) [Docket No. 22].[1]  The Court will also examine Plaintiff's request for entry of default against Defendant Merline [Docket No. 27] and for leave to file an Amended Complaint. [Docket No. 36].

Following the submission of these motions, Plaintiff submitted several letters requesting more time to complete discovery [Docket No. 26] and for a continuance of the motion for summary judgment, filed by Defendants Egg Harbor Township, Municipal Judge Switzer, and Patrolman John C. Lee. [Docket Nos. 34 & 35], pursuant to Federal Rule of Civil Procedure 56(f).  The Court notes, however that there is no motion for summary judgment pending as the Defendants have withdrawn that submission. [Docket Nos. 24 & 38].  Moreover, because the standards are the same for both the pending 12(b)(6) and 12(c) motions, which only examine

---

[1] This Court notes that the Egg Harbor Defendants inadvertently filed their motion twice [Docket No. 24], the second time, improperly docketing the matter as one for summary judgment.  That motion has been with withdrawn. [Docket No. 38]

Plaintiff's complaint for failure to state a claim upon which relief may be granted, and the completion of discovery does not impact that analysis, Plaintiff's 56(f) request is denied.

**Procedural History**

On April 4, 2007, Plaintiff Dennis Bell filed a Complaint against Defendants Brigantine Municipal Court, Administrative Law Judge Henry G. Broome, Egg Harbor Township Municipal Court, Administrative Law Judge H. Robert Switzer, Egg Harbor Township Patrolman John C. Lee, and Atlantic County Justice Facility Warden, Gary Merline (collectively the "Defendants").  All Defendants answered the Complaint except for Defendant Broome and Defendant Merline.  As such, on August 15, 2007, Plaintiff requested the entry of default against Broome which the Clerk of the Court entered on August 16, 2007, [Docket Entry 19].

**Entry of Default Against Merline & Motion to Vacate Default**

Plaintiff has requested the entry of default against Defendant Merline, who has not answered the Complaint. Plaintiff's Complaint, however, asserts no allegations whatsoever against Defendant Merline.  In filing his Complaint, Plaintiff was granted in forma pauperis status.

> The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to

3

> review a complaint in a civil action in which a
> plaintiff is proceeding in forma pauperis.  See 28
> U.S.C. § 1915(e)(2)(B).  The PLRA requires the Court to
> sua sponte dismiss any claim if the Court determines
> that it is frivolous, malicious, fails to state a claim
> on which relief may be granted, or seeks monetary
> relief from a defendant who is immune from such relief.

Gourdine v. Hudson County Superior Court, 2008 U.S. Dist. LEXIS

2235 at *1-2 (D.N.J. Jan. 11, 2008).  Because Plaintiff's

Complaint fails to make any allegations against Defendant

Merline, this Court finds that Plaintiff fails to state a claim

upon which relief may be granted.  All claims asserted against

Merline are, therefore, dismissed and Plaintiff's request for

entry of default [Docket No. 27] is denied.[2]

Defendant Broome now moves, in part, to vacate the Clerk's

entry of default against him.  A motion to vacate a default is

governed by Rule 55 of the Federal Rules of Civil Procedure.

Pursuant to Rule 55(c) "[f]or good cause shown the court may set

aside an entry of default...."  The standard for "good cause" is

similar to the standard for setting aside a default judgment

under Federal Rule of Civil Procedure 60(b).  Gold Kist, Inc. V.

Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985).  In general,

defaults are disfavored, and where a party moves to set aside a

default, doubtful cases should be decided in favor of the party

---

[2] While the Atlantic County Justice Facility is listed as a
Defendant on the Docket, there are no allegations made against
the Facility.  Thus, for the reasons discussed above, the
Facility is dismissed from this action.

moving to set aside a default entry "so that cases may be decided on their merits." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). See also Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d. Cir. 1987).

A.   Four-Part Test

The Third Circuit has articulated a four-part test that courts must consider in deciding whether to set aside a default judgment. The Court must consider: (1) whether the plaintiff will be prejudiced if the default judgment is set aside; (2) whether the defendant has a meritorious defense; (3) whether the default was the product of defendant's culpable conduct; and (4) whether alternative sanctions would be effective. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).

1.   Prejudice

A plaintiff can be said to be prejudiced by the setting aside of a default judgment when "plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." Dizzley v. Friends Rehab. Program, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001). Plaintiff has made no such claim of prejudice in his response. [Docket Entry 23]. Indeed, such claim, if made, would be dubious. Not only is there nothing before the Court to suggest that any evidence was lost during the relatively short period

since the date of the filing of the Complaint, there is also no reason to believe that Plaintiff relied on the entry of default, or that any increased prejudice resulted from the delay. Accordingly, the Court finds that Plaintiff is not prejudiced.

    2.  <u>Meritorious Defense</u>

    The next factor the Court must consider is whether Defendant Broome has presented a meritorious defense.  "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action."  <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 195 (3d Cir. 1984).  Defendant Broome need not "prove beyond a shadow of a doubt that [he] will win at trial."  <u>Emcasco</u>, 834 F.2d at 74.  Rather, it is enough for Broome to show that his defense is not "facially unmeritorious."  <u>Id</u>. (<u>quoting</u> <u>Gross v. Stereo Component Systems, Inc.</u>, 700 F.2d 120, 123 (3d Cir. 1983)).

    As set forth in his moving papers, Defendant Broome asserts that he is entitled to absolute judicial immunity because of the judicial actions undertaken by him as a Brigantine Municipal Court Judge, i.e., the issuance of a bench warrant against Plaintiff for his failure to appear in Brigantine court on a traffic summons.

    As set forth below, judges are absolutely immune from liability for their judicial acts.  <u>Mireles v. Waco</u>, 502 U.S. 9,

11 (1991).  As the Third Circuit Court of Appeals held in
Figueroa v. Blackman, 208 F.3d 435, 440-443 (3d Cir. 2000), the
doctrine of absolute judicial immunity should be extended to
judges of courts of limited jurisdiction such as New Jersey
municipal court judges: "[W]e are convinced that the policy
reasons for according judges judicial immunity are equally as
convincing with respect to judges exercising limited jurisdiction
as they are with respect to those exercising general
jurisdiction." Id. at 442.  In response, Plaintiff argues that
Broome is not entitled to immunity because he is a non-article
III administrative law judge, not employed by the judiciary.  The
Court notes, however, that it is established that administrative
judges are entitled to immunity.  See Butz v. Economou, 438 U.S.
478 (1978); Scott v. American Bar Assoc., 652 F. Supp. 1419, 1422
(E.D. Pa. 1987).  Here, Defendant Broome is alleged to have been
active in his judicial capacity, and thus, the Court finds that
not only does Defendant Broome have a "meritorious defense" but
he is entitled to dismissal of the Plaintiff's Complaint, as set
forth below.

    3.   <u>Defendant's Culpability</u>

    The Court next turns to the issue of the Defendant's
culpability, if any.  Here, the Court agrees with the Defendant
that he was not served in accordance with New Jersey or Federal
Court Rules as he was not personally served with Plaintiff's

Complaint and summons.  The affidavit of service indicates that the Plaintiff's Complaint and Summons were left with the Brigantine Municipal Court.

The Federal Rules of Civil Procedure set forth four separate ways in which a Plaintiff may properly serve an opposing party. Rule 4(e) provides that:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2)  doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

New Jersey Court Rule 4:4-4, which sets forth the state guideline regarding service of process, mirrors the Federal Rules and permits "delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf."  N.J. Ct. R. 4:4-4(a)(1).  Here,

Judge Broome authorized no one to accept service of any Complaint against him.  See Broome Affidavit at ¶ 9.  Plaintiff argues that a default judgment is, nevertheless, warranted because Broome learned about the Complaint on or about May 7, 2007.

Even putting this issue of proper service aside, once aware of Plaintiff's Complaint, Broome forwarded it to Mr. Maguire, Brigantine's Solicitor.  Based upon Judge Broome's prior experience of having been sued in his capacity as a judge, he fully expected that Mr. Maguire would forward the Complaint to the adjusters for the Atlantic County Joint Insurance Fund, Scibal Associates, as had happened previously.  There was an apparent miscommunication between Brigantine and Scibal Associates which was neither wilful nor in "bad faith" but negligent.  While Plaintiff inveighs that the fault is Broome's not the insurance adjusters, this Court does not find the Defendant's conduct to rise to the level of culpable conduct.

4.  <u>Alternative Sanctions</u>

Finally, the Court must consider the appropriateness of alternative sanctions.  "[P]unitive sanctions are inappropriate absent evidence of bad faith or willful misconduct, or where the defendant sets forth a meritorious defense."  <u>Royal Ins. Co. Of Am. v. Packaging Coordinators, Inc.</u>, No. 00-3231, 2000 U.S. Dist. LEXIS 15471, 2000 WL 1586081, at *3 (E.D. Pa. Oct. 24, 2000).  As set forth above, Defendant Broome has presented a meritorious

defense, and there is no evidence to suggest that he acted in bad faith or with willful misconduct.  Therefore, no sanctions will be imposed.

After applying the facts of this case to the factors set out by the Third Circuit in Emcasco, as well as taking into consideration this Circuit's disfavor for default judgments and preference for deciding cases on the merits, the default entered against Defendant on August 16, 2007, will be set aside.


**Dispositive Motions**

The Court next turns to Broome and the Brigantine Defendants' motion to dismiss and Defendants' Egg Harbor, Switzer, and Lee's Motion for judgment on the pleadings. Plaintiff's Complaint alleges the following:

> On 10-02-05 [] Plaintiff [] was pulled over against my will by Ptlm. Jhon [sic] C. Lee.  Ptlm. Jhon C. Lee commanded Plaintiff to exit the vehicle and asked plaintiff if I was in possession of any weapons.  Said Plaintiff advised I was not in possession of any weapons and advised I did not have a problem with Ptlm Jhon C. Lee performing a pat down to check for weapons.  The pat down did not reveal any weapons.  Ptlm Jhon C. Lee asked said Plaintiff to have a seat in the back seat of his patrol vehicle against my will as he searched my vehicle against my will with out presenting me any search warrant.  After the search Ptlm. Jhon C. Lee removed said Plaintiff from the rear seat of the patrol vehicle, controlled, hand-cuffed (double-locked), searched, and secured me in the rear of his patrol vehicle.  Said Plaintiff was told by Pltm. Jhon C. Lee that there was a alleged $1,500.00 warrant for Plaintiff arrest from Brigantine New Jersey for driving while suspended.

****

Ptlm. Jhon C. Lee never presented said Plaintiff
with a warrant that had the proper requirements as
Frank vs. Delaware.  Said Plaintiff was
transported by Pltm. Jhon C. Lee to Egg Harbor
Township Police headquarters for processing
(Fingerprinted, took pictures all against my will
and then filled out a report on me) statements
made in police report by Pltm. Jhon C. Lee.

****

Once at Egg Harbor Township Police headquarters
said Plaintiff was again searched by Ptlm. Jhon C.
Lee before removing Plaintiff (double locked)
handcuffs. . . .  Said Plaintiff was processed and
later transported to the Atlantic County Justice
Facility statements made in police report by Pltm.
Jhon C. Lee.

****

At the Atlantic County Justice Facility I was
processed again fingerprinted, photographed,
striped search, given Tubocalosa [sic] shot, and
had blood drained from me against my will.  I
informed my family and we paid the ransom to
retrieve my freedom.  When I went to Brigantine
Municipal Court Incorporated I was advised that on
03-26-05 some one presented Brigantine Officer
Stroby with a drivers license that belonged to
said plaintiff.  Officer Stroby wrote a summons. .
.to appear in Brigantine Municipal Court
Incorporated for driving while suspended (39:3-
40).  Said plaintiff was to appear on the date 04-
14-05 in front of administrative law Judge Henry
G. Broome Jr.  A bench warrant for failure to
appear was issued. . .which resulted in my arrest.
Officer Stroby advised Henry G. Broome that said
plaintiff was not the traveler he presented the
summons to.  All charges were later amended. . . .
No bail money was ever returned to said plaintiff.

Plaintiff alleges violations of Title 18, United States Court,

Sections 1983 and 1986.


**Applicable Standard:**

   A Rule 12(b)(6) motion to dismiss for failure to state a

claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)(internal citations omitted).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,...a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted).

A district court must accept any and all reasonable inferences derived from those facts.  Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light

12

most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.  Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

The standard for a Rule 12(c) motion is identical to a 12(b)(6) motion.  Rinaldo v. Komar, 2007 U.S. Dist. LEXIS 2657 at *6 (D.N.J. Jan 12, 2007) ("the difference between Rules 12(b)(6) and 12(c) is purely procedural, as the same standards govern both motions") (citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Spruill v. Gillis, 372 F.3d 218, 223 n. 2 (3d Cir. 2004)).  Thus, the Court will look to the analogous 12(b)(6) standard.


**Discussion:**

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

13

A.    <u>Judges Broome and Switzer</u>

In separate motions, Judges Broome and Switzer argue that Plaintiff's Complaint should be dismissed on the basis of the absolute immunity afforded judges when performing their judicial functions.  <u>See</u> <u>Briscoe v. LaHue</u>, 460 U.S. 325, 334 (1983).  The doctrine of absolute judicial immunity is based upon the need to permit judges to render decisions with independence and without fear of consequences.  <u>Pierson v Ray</u>, 386 U.S. 547, 554 (1967).  It is well established that judges are immune from civil rights suits based on actions performed in their judicial capacities.  <u>Briscoe</u>, 460 U.S. at 334; <u>see also</u>, <u>Supreme Court of Virginia v. Consumers Union of the United States, Inc.</u>, 446 U.S. 719, 734-35 (1980); <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991).  Immunity extends even where a judge acts erroneously, corruptly, or in excess of her jurisdiction.  <u>Mireles</u>, 502 U.S. at 11-12.  In such circumstances, recourse can be obtained through appeal but "unsatisfied litigants may not hound [a judge] with litigation charging malice or corruption."  <u>Shuster v. Oppelman</u>, 963 F. Supp. 394, 396 (S.D.N.Y. 1997) (<u>quoting</u> <u>Pierson</u>, 384 U.S. at 554).

In <u>Mireles</u>, the Supreme Court held that a judge is absolutely immune from suit unless the actions complained of "were not taken in the judge's judicial capacity" or the suit arises from actions taken by the judge "in the complete absence

14

of all jurisdiction." 502 U.S. at 11; see also Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000).  An act is a judicial act when "it is a function normally performed by a judge" and when it is an act that arises out of the parties' dealings with the judge in her judicial capacity.  Figueroa, 208 F.3d at 443.

Plaintiff does not allege that Judge Broome was acting outside the scope of his normal judicial functions.  Indeed, Plaintiff's Complaint, no matter how liberally construed, cannot support an allegation that the conduct of which Plaintiff complains was outside Judges Broome's judicial capacity.  Judge Broome's actions, issuing a bench warrant are the actions performed by a judge.  The acts complained of arise out of Plaintiff's dealings with Judge Broome in his judicial capacity. The actions complained of are unquestionably judicial acts and, as such, afford Judge Broome immunity from suits based on those acts.  Additionally, the Court notes that despite naming Judge Switzer, there are no allegations in the Complaint against him whatsoever.  Plaintiff's Complaint against Judge Broome and Judge Switzer will be dismissed without prejudice.


B.   Defendants Brigantine and Egg Harbor Township

Local government units generally are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma

15

City v. Tuttle, 471 U.S. 808, 824 n. 8 (1985).  Municipal
liability attaches only "when execution of a government's policy
or custom, whether made by its lawmakers or by those whose edicts
or acts may fairly be said to represent official policy, inflicts
the injury."  Monell v. Dep't. of Soc. Servs., 436 U.S. 658,
690-91, 694 (1978); Natale v. Camden County Corr. Facility, 318
F.3d 575, 583-84 (3d Cir. 2003).

     Here, Plaintiff makes no Monell allegations.  Therefore, any
§ 1983 claims against the municipal Defendants without prejudice.


C.   Defendant Lee

     Plaintiff asserts several allegations against Defendant
Patrolman Lee, the officer that arrested him.  Construing
Plaintiff's Complaint liberally, Plaintiff has alleged sufficient
facts to state a claim for unlawful search and seizure and false
arrest.  If the search and seizure of a person or an arrest is
not supported by probable cause, a cause of action properly
exists under § 1983.  See e.g., Sershen v. Cholish, 2007 U.S.
Dist. LEXIS 79627 at *23 (M.D. Pa. Oct. 26, 2007).

     In the 12(c) motion, Defendants attempt to attack
Plaintiff's proofs regarding probable cause, which would require
a factual analysis by this Court.  See Docket No. 22 at 18 ("It
is the function of the courts to determine whether the objective
facts available to the officers, at the tome of the arrest, were

16

sufficient to justify a reasonable belief that an offense was being committed.") (quotations omitted).  Because this is a 12(c) motion, subject to the same standards as a 12(b)(6), the Court will not examine the Plaintiff's proofs at this stage; all that is required is that Plaintiff state a claim upon which relief can be granted and he has done so here.  Thus, Defendants' motion as it applies to Defendant Lee will be denied.


**Leave to Amend:**

    A) Plaintiff's Proposed Amended Complaint

    While the dispositive motions discussed above were pending, Plaintiff filed a motion for leave to file an amended complaint to add "Officer Stroby and the City of Brigantine." [Docket No. 36].  In support of his motion, Plaintiff avers that "Officer Stroby is a material witness and will bring clarity to the case." In response, the Brigantine Defendants have opposed the proposed amendments on futility grounds.

    "[T]he settled rule is that properly requesting leave to amend a complaint requires submitting a draft amended complaint," and Plaintiff has done so here.  Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc., 482 F.3d 247, 252 (3d Cir. 2007). Pursuant to Rule 15(a) leave to amend should be freely given absent concern of: 1) undue delay; 2) bad faith or dilatory motive; 3) continued failure to cure deficiencies by prior

17

amendments; 4) undue prejudice to the opposition; or 5) futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

In determining whether a proposed amendment would be futile, the Court must apply the legal standard applicable to a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Kounelis v. Sherrer, 396 F. Supp. 2d 525, 539 (D.N.J. 2005); Grillo v. BA Mortgage, LLC, 2004 U.S. Dist. LEXIS 20347 at *9 (E.D. Pa. Oct. 4, 2004). For purposes of analyzing the proposed Amended Complaint pursuant to Rule 12(b)(6), the Court must accept all well-pled allegations in each Complaint as true and construe the Complaint in the light most favorable to each Plaintiff. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).

The proposed Complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The Court need not, however, credit bald assertions or legal conclusions. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Thus, an amendment is considered futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Merck & Co., Inc., Sec. Derivative & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007)(quoting In re Burlington Coat Factory Sec. Litig., 114 f/3d at 1434).

This Court finds that Plaintiff's proposed Amended Complaint

18

is futile.  As an initial matter, the proposed Amended Complaint does not add any allegations against Officer Stroby or the City of Brigantine - instead, the narrative section of the Complaint remains the same - the only proposed change is adding both as Defendants in the caption.  Because there are no allegations to be asserted against either Stroby or the City, this Court finds that the proposed amendment is futile; Plaintiff fails to state a claim upon which relief may be granted against either proposed Defendant.

The Brigantine Defendants object to the proposed amendments as futile based on the relation back doctrine.  While this Court has already found that the amendments are futile for other reasons, it agrees with Defendants that the claims asserted against Stroby would fail to relate back to the initial filing of the Complaint.

Federal Rule of Civil Procedure 15(c) provides:

(c) Relation Back of Amendments.

   (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

      (A) the law that provides the applicable statute of limitations allows relation back;

      (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

      (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule

> 15(c)(1)(B) is satisfied and if, within the period
> provided by Rule 4(m) for serving the summons and
> complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it
>> will not be prejudiced in defending on the merits; and
>
>> (ii) knew or should have known that the action
>> would have been brought against it, but for a mistake
>> concerning the proper party's identity.

The Rule seeks to alleviate the "harsh result of strict application of the statute of limitation." Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003).

As interpreted by the Third Circuit, the rule requires that three conditions be met for "relation back." Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186, 194 (3d Cir. 2001). These conditions include:

> (1) that the claim against the newly named defendants
> arose out of the same conduct, transaction, or
> occurrence set forth in the original complaint, (2)
> that within the 120-day period for service of the
> summons and complaint, the newly named party have
> received notice of the institution of the action such
> that it will not be prejudiced in maintaining a defense
> on the merits, and (3) that within that same time
> period of time, the newly named party must have known,
> or should have known, that "but for a mistake," he or
> she would have been named as a defendant in the first
> place.

Miller v. Hassinger, 173 Fed. Appx. 948, 955 (3d Cir. 2006)(citing Singletary, 266 F.3d at 194)).

With regard to Stroby, this Court agrees that Plaintiff was well-aware of Stroby as of April 4, 2007 (the date he filed his initial Complaint). Plaintiff has not alleged that Stroby was a

previously unknown party - to the contrary - he is explicitly
named in the first Complaint.  This Court agrees that this is not
a case of mistaken identity or pleading with regard to Stroby
and, therefore, Plaintiff's attempt to add Stroby as a defendant
would also be futile because of the applicable statute of
limitations.

This Court is less convinced, however, of the City's
arguments regarding relation back to the City of Brigantine.  In
fact, in the City's dispositive motion - it clearly states that
the City of Brigantine may be a party to the action. [Docket No.
21 at 10-11].  Nevertheless, for the reasons discussed above,
Plaintiff's proposed amendment against the City of Brigantine is
futile and is, therefore, denied.


b) Sua Sponte

This Court must offer Plaintiff the opportunity to cure the
deficiencies identified in this Opinion.  "In civil rights cases
district courts must offer amendment--irrespective of whether it
is requested--when dismissing a case for failure to state a claim
unless doing so would be inequitable or futile."  Fletcher-Harlee
Corp. v. Pote Concrete Contrs., Inc., 482 F.3d 247, 251 (3d Cir.
2007).  While Plaintiff's proposed amendments against Stroby and
the City of Brigantine are futile for the reasons discussed
above, there are other deficiencies identified in this Opinion

21

that, perhaps, could be cured by amendment.  Thus, Plaintiff, if

he so chooses, shall submit a proposed Amended Complaint to this

Court within thirty (30) days of the date of this Opinion.

Plaintiff should be mindful of this Opinion so as to avoid

drafting futile allegations.


Dated: January 29, 2008                    s/Renée Marie Bumb
                                           RENÉE MARIE BUMB
                                           UNITED STATES DISTRICT JUDGE