<u>**NOT FOR PUBLICATION**</u>                              [Docket Entry No. 44]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| DENNIS BELL, JR. | |
| Plaintiff, | |
| v. | Civil No. 07-1587(RMB) |
| BRIGANTINE MUNICIPAL COURT, et al., | **MEMORANDUM AND ORDER** |
| Defendants. | |

  THIS MATTER comes before the Court upon the motion to dismiss the Amended Complaint as to Defendants Brigantine Municipal Court, City of Brigantine, and Judge Henry G. Broome pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, the motion is granted in its entirety.

  On January 29, 2008, this Court entered an Order dismissing, in relevant part, the complaint against Defendant Judge Henry G. Broome on the basis of the absolute immunity afforded judges when performing their judicial functions. <u>See</u> Opn. at 18. [Docket Entry No. 43]. The Court, however, offered Plaintiff the opportunity to cure any such deficiency in the event that Plaintiff's allegations against Defendant Judge Broome were that the actions complained of were not taken in the Judge's judicial capacity.

1

On February 27, 2008, Plaintiff filed an Amended Complaint fashioned as an "Amended Criminal Complaint Foreign Relations and Intercourse." The Court has reviewed the Amended Complaint and it is clear that Plaintiff does not allege that Judge Broome was acting outside the scope of his normal judicial functions. Indeed, as the Court previously held, Plaintiff's Complaint, no matter how liberally construed, cannot support an allegation of the conduct of which Plaintiff complained was outside Judge Broome's judicial capacity. Accordingly, the motion to dismiss as to Judge Broome will be granted.

Defendant Brigantine Municipal Court also moves to dismiss the Amended Complaint on the grounds that it is not a "person" that can be sued under Section 1983. This Court agrees. A municipal court is not a person for Section 1983 purposes. See, e.g., Briggs v. Moore, 2005 U.S. Dist. Lexis 18593, *12 (D.N.J. 2005) New Jersey Superior Court is not a proper defendant under 42 U.S.C. § 1983. Accordingly, any such claim against Brigantine Municipal Court fails.

Defendant City of Brigantine also moves to dismiss the Complaint because such claim is time-barred. This Court need not resolve this issue, however, because Plaintiff improperly amended the Complaint to add the City of Brigantine without first requesting leave of Court, as required by Federal Rule of Civil Procedure 15 ("A party may amend the party's pleading once as a

matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party. Indeed, the Court previously denied Plaintiff's request to add the City of Brigantine as a defendant. [Docket Entry No. 43] Accordingly, the Amended Complaint against the City of Brigantine is hereby stricken. Before Plaintiff may file an amended complaint against the City of Brigantine, he must first seek leave of the Court. Plaintiff is reminded, however, that the Supreme Court has instructed that courts entertaining claims brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 should use the statute of limitations for personal injury actions in the state. Wilson v. Garcia, 471 U.S. 262, 280 (1985). The general statute of limitations for personal injury actions in New Jersey is two years. N.J.S.A. § 2A:14-2 (2000). See also Citgo v. Bridgewater Township Police Department, 892 F.2d 23, 24 (3rd. Cir. 1989).

    Finally, the Court notes that Plaintiff improperly amended the Complaint to assert new claims against the only remaining defendant, Patrolman John C. Lee. The Amended Complaint is therefore stricken in its entirety, and Plaintiff shall seek leave of the Court prior to filing any further amendments to the

Complaint.

Dated: March 27, 2008                    s/Renée Marie Bumb
                                         RENÉE MARIE BUMB
                                         United States District Judge